**NATIONAL BOARD OF YOUNG MEN'S CHRISTIAN ASSOCIATIONS, Plaintiff,**

v.

**The FLINT YOUNG MEN'S CHRISTIAN ASSOCIATION OF FLINT, MICHIGAN, Defendant.**

No. 82–40466.

United States District Court, E.D. Michigan, S.D., at Flint.

Aug. 7, 1985.

W. Gerald Warren, Detroit, Mich., George Hoare, New York City, for plaintiff.

Marshall G. MacFarlane, Flint, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

*(Plaintiff's Motion In Limine)*

NEWBLATT, District Judge.

Plaintiff has moved the Court for an Order "excluding any and all evidence of by defendant in support of Defendant's affirmative defenses; to wit: abandonment of the names and marks Young Men's Christian Association, YMCA and 'Y' by Plaintiff; that Plaintiff's names and marks Young Men's Christian Association, YMCA and 'Y' have become generic; prior use by Defendant of the names and marks Young Men's Christian Association and YMCA; ownership of and right and title to the names and marks Young Men's Christian Association, YMCA and 'Y' are merely descriptive; and that Plaintiff's Federal trademark registrations, nos. 888,795 and 759,629, are invalid on the basis of having been obtained by fraud."

For the reasons urged by the plaintiff, the motion is GRANTED.

The primary thrust of defendant's opposition is that it had, prior to its affiliation in 1924, used the contested names and/or marks and that upon disaffiliation in 1981, it retained its earlier rights to the names and/or marks since those rights remained with it throughout the affiliation period and never lost through contract or by law.

As a practical matter and without examining the law, it seems strange that an autonomous local entity associated or affiliated for 57 years with a national organization with an established national identity, would claim the right to use the names and/or marks which would permit confusion by the public as to whether it was affiliated or related to the national or a separate unaffiliated entity. 57 years of such a relationship and holding out to the public seems much too long for someone to claim he retains an independent right acquired more than 57 years earlier and not

**2**

used for 57 years to identify itself in such a manner as to cause confusion.

This view does indeed find support in the law in *United States Jaycees v. San Francisco Junior Chamber of Commerce,* 513 F.2d 1226 (9th Cir.1975) which affirmed the decision of the district court "on the basis of the district court's opinion," thus adopting and approving that opinion found at 354 F.Supp. 61.

In *Jaycees,* just as in the present case, there was nothing in the governing documents of the national organizations which provided that when a local disaffiliated, either voluntarily or unvoluntarily, the local could no longer use the name which it had used prior to disaffiliation. Finding of Fact # 27.

In *Jaycees,* just as in the present case, there were disaffiliated locals which were still using the names used prior to disaffiliation. Finding of Fact # 29.

In *Jaycees,* just as in the present case, there had been no previous effort by the National to restrain a disaffiliated local from using the name it had used prior to disaffiliation. Finding of Fact # 34.

In *Jaycees,* just as in the present case, the court concluded as a matter of law that any rights which the local had, independent of the National, to use the names and/or marks in contest were merged with the rights of the national organization upon defendant affiliation.

In so holding, the court in *Jaycees,* just as in the present case, *rejected* the local's claim that it used the name and marks in contest prior to affiliation with the National and thus this established its primary entitlement to the use of the name on disaffiliation. *Jaycees* at 71. For this holding the *Jaycees* court relied upon the Fourth Circuit case of *Grand Lodge, etc. v. Eureka Lodge, etc., No. 5,* 114 F.2d 46, 48 (4th Cir.1940) as establishing a merger even where the disaffiliated local had used the name prior to affiliation and claimed an independent right. The *Jaycees* court also relied upon *National Board of YWCA v. YWCA of Charleston,* 335 F.Supp. 615, 173

U.S.P.Q. 307 (D.C.S.C., 1971) as holding a merger took place even where the local claimed use prior to affiliation.

Additional authorities relied upon are: *Little League Baseball v. Daytona Beach Little League,* 193 U.S.P.Q. 611 (D.C.M.D. FLA, 1977); Council of *Better Business Bureaus v. Better Business Bureau,* 200 U.S.P.Q. 282 (D.C.S.D.FLA, 1978); *Professional Golf Ass'n. v. Bankers Life and Casualty Co.,* 514 F.2d 665 (CA 5, 1975).

No contrary authority was cited. The doctrine of merger is merely a short-handed way of expressing the conclusion that absent evidence that the parties had directed their attention to the problem and reached some agreement, it would not be fair to allow a disaffiliated local to retain a name or mark which would cause members of the public to think they are dealing with an affiliate of a national organization when in fact they were not. In view of this it is not surprising that contrary authority was not submitted.

Accordingly, the motion is GRANTED. IT IS SO ORDERED.